BARKETT, Justice,
concurring specially.
I concur in the conclusion of the majority but do not analyze this case based on any distinction between the police power and the power of eminent domain.
*48 The fifth amendment to the United States Constitution provides that “private property [shall not] be taken for public use, without just compensation.” Article X, section 6(a) of the Florida Constitution provides that “[n]o private property shall be taken except for a public purpose and with full compensation therefor paid to each owner....” Neither provision qualifies the requirement to pay. Thus, the only relevant question is whether a “taking” has occurred. If there has been a “taking,” compensation must be paid, regardless of the nomenclature used to describe the state’s power.
In eminent domain proceedings, the state concedes a “taking.” Indeed, the eminent domain procedures provide for the actual transfer of title. However, a “taking” also occurs under the police power when state regulation of private property results in a substantial deprivation of the beneficial use of the property. The test is not merely whether the state acts under the police power, but whether the regulation “goes too far” so that the deprivation of economic use or diminution of property value “reaches a certain magnitude.” Pennsylvania Coal Co. v. Mahon, 260 U.S. 393, 413-15, 43 S.Ct. 158, 159-60, 67 L.Ed. 322 (1922).[14] Accord First English Evangelical Lutheran Church v. County of Los Angeles, 482 U.S. 304, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987); Agins v. City of Tiburon, 447 U.S. 255, 100 S.Ct. 2138, 65 L.Ed.2d 106 (1980); Penn Cent. Transp. Co. v. City of New York, 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978).
It is true that some courts have discussed the “taking” question in terms of the police power vis-a-vis the power of eminent domain. This distinction, in turn, depended on whether the action prevented a harm or conferred a benefit. Although this Court has applied the harm-benefit distinction to determine liability, Department of Agriculture & Consumer Services v. Mid-Florida Growers, Inc., 521 So.2d 101 (Fla.), cert. denied, 488 U.S. 870, 109 S.Ct. 180, 102 L.Ed.2d 149 (1988); Graham v. Estuary Properties, Inc., 399 So.2d 1374 (Fla.), cert. denied, 454 U.S. 1083, 102 S.Ct. 640, 70 L.Ed.2d 618 (1981), I now believe that analysis is inappropriate in “takings” cases. Moreover, it offers little practical guidance to trial courts in ascertaining whether state action amounts to a “taking” since “harm prevention” and “benefit conferment” are simply two different ways of describing the identical act.[15] Likewise, when a person for all or most practical purposes loses his or her property, it is irrelevant whether the sovereign authority of the state to act is called a police power or a power of eminent domain.
In this case, the state destroyed over 500,000 citrus trees. The trial court found this to be an unconstitutional taking. The trial court then noted that the trees actually diseased, and those trees within 125 feet of the diseased trees, had no marketable value and ruled that Polk need not be compensated for them. I believe this is the correct way to analyze this case. The majority affirms this result but does so by saying:
[W]e affirm the trial court’s determination that the destruction of the trees actually exhibiting physical symptoms of the bacterial disease and those within 125 feet of those trees did not constitute a taking, but that Polk is entitled to full *49 and just compensation for the remainder of the destroyed nursery stock.
If this means that the state need not pay for the diseased trees because the trees were diseased and therefore had no value, I agree. If it means that a “taking” can never occur as a result of a valid exercise of the police power, I respectfully disagree.

. As one commentator has recognized:
The modern, prevailing view is that any substantial interference with private property which destroys or lessens its value (or by which the owner’s right to its use or enjoyment is in any substantial degree abridged or destroyed) is, in fact and in law, a "taking” in the constitutional sense, to the extent of the damages suffered, even though the title and possession of the owner remains undisturbed.
2 Nichols’ The Law of Eminent Domain § 6.09, at 6-55 (rev. 3d ed. Dec. 1983) (emphasis supplied).

. For instance, in Department of Agriculture & Consumer Services v. Mid-Florida Growers, Inc., 521 So.2d 101 (Fla.), cert. denied, 488 U.S. 870, 109 S.Ct. 180, 102 L.Ed.2d 149 (1988), the majority ordered compensation because the state action "conferred a public benefit.” Id. at 103 (Ehrlich, J., writing for the majority). The dissent saw the identical action as the prevention of a public harm. Id. at 105 (McDonald, C.J., dissenting).